## Hall v. Hall

*Harry Makiver*, for libellant.

MACDADE, J., April 7, 1938.—The master's report before us is in proper form and the facts presented in it furnish grounds for the divorce recommended. We have, however, upon an examination of the record, found two formal defects which we cannot overlook.

The first relates to service of the final rule in divorce as Rule 100 of the Delaware County Common Pleas Court requires, and to make affidavit of service. Said rule states:

"100. In all cases an affidavit of the time, place and manner of the service of the rule for final decree shall be filed, and, if service was not made upon the respondent, personally, the affidavit shall set forth in detail the ef-

forts made to serve him or her personally. This affidavit of service shall be filed with the prothonotary."

An examination of the record fails to disclose such affidavit, although there is proof of publications of the rule for divorce a. v. m. in two newspapers. Why should such rule be advertised? This can be satisfactorily explained in the necessary affidavit, if filed, as the rules require. This can be corrected, perhaps, by filing the affidavit.

However, the second defect cannot be so readily cured.

A practicing member of the Delaware County Bar, associated with the attorney of record, appeared before the learned master as representing libellant in a professional relation. The same person is a notary public, for he so subscribes and attaches a notarial seal to the affidavit sur libel. This affidavit was sworn to before the same person, both a notary public and an attorney at law. This defect therefore consists in the fact that the affidavit to the libel was taken before a member of the bar, who is the attorney for the said libellant. This practice has been regarded as grounds for refusing a decree in some communities in this Commonwealth.

It was so ruled by Evans, J., in Walker v. Walker, 34 Pitts. (N. S.) 292, and McKelvey v. McKelvey 42 Pa. C. C. 349, 23 Dist. R. 1092, 62 Pitts. 408. Also in Streepy v. Streepy, 13 Northamp. 395. See also Wilhelmi v. Wilhelmi, 9 Dist. R. 685, 26 Pa. C. C. 312.

In section 997, Sturgeon on Divorce (3d ed.) it is said:

"The affidavit should not be taken before libellant's attorney of record, who is a notary public; it should not be allowed and may be suppressed".

As Judge Arnold said in the Wilhelmi case: "This is a pleasing exhibition of versatility, but it is not commendable in proceedings in court, and it is hoped that we shall not see another instance like it."

The only saving clause here is that another member of the bar is the attorney who filed the libel. This should be explained and for the present we shall refuse a final decree. In the meanwhile the record will be returned to the files of the prothonotary.